JPL:JD
F.# 2013R00900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CECIL FRANKLIN SPEIGHT,
    also known as "Frank Speight,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 14-379 (RRM)
(T. 18, U.S.C., §§ 371, 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.    Background

      1.     International Stock Transfer and Trust, Inc. ("IST") was a Florida corporation incorporated in 2004, with an office in Palm Beach, Florida. From March 22, 2004 through June 2013, IST was registered with the United States Securities and Exchange Commission ("SEC") as a transfer agent. In general terms, a transfer agent is an entity that is assigned by a corporation to maintain records of its investors, account balances and transactions, to cancel and issue certificates and to process investor mailings. Typically, a transfer agent will forward money received from investors to the issuer of the securities being sold.

      2.     The defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," was a resident of Palm Beach, Florida. SPEIGHT was the sole owner, director and officer of IST from its incorporation in 2004 until its voluntary dissolution in June 2013.

3. Altmark Holdings, Ltd. ("Altmark") was an entity registered and headquartered in Turks & Caicos. In or about 2007, Altmark issued a series of high-yield bonds that were purportedly backed by mineral reserves and oil or gas rights. The series was held, in electronic form, in various accounts of participants in the Depository Trust Company ("DTC"), which is a registered clearing agency with the SEC. The Altmark bonds were issued a number by the Committee on Uniform Securities Identification Procedures ("CUSIP") that was registered to Altmark. A CUSIP number identifies most securities and is unique to each one. The bonds traded for a time on the Berlin Exchange, and IST was the registered transfer agent in 2007, responsible for paying interest to investors. Since June 2007, Altmark has never made an interest payment on these bonds.

4. Adfitech, Inc. ("Adfitech") was a Delaware corporation whose common stock was traded on the Over the Counter ("OTC") market and quoted under the trading symbol "ADFT."

II. The Fraudulent Schemes

A. Overview

5. The defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," used his position at IST to defraud investors of approximately $3.3 million through two separate, but similar, schemes. As further described herein, SPEIGHT, together with others, used websites, internet advertising and "cold callers" to identify potential victim investors for both schemes. SPEIGHT, together with others, promised these victim investors outsized or guaranteed returns on their investments. In reality, SPEIGHT sold these victim investors counterfeit securities. Rather than forward the victim investors'

money to the purported issuers, SPEIGHT used the money to pay personal expenses, including purchases at Mercedes Benz of Pompano Beach, Florida, Netflix, Groupon and Nordstrom, among others. In addition, SPEIGHT withdrew over $350,000 of investors' funds as cash for his own personal use.

6. In the first scheme, the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," together with others, promised victim investors a 14 percent annual rate of return on Altmark bonds, which SPEIGHT and others falsely claimed were traded on an internationally recognized exchange. In the second scheme, SPEIGHT, together with others, falsely purported to be a "market maker," authorized by Adfitech to privately sell its shares at a discount below the actual market price. In reality, both the Altmark bonds and the Adfitech shares offered by SPEIGHT and his co-conspirators were counterfeit and worthless. Neither Altmark nor Adfitech had actually issued the securities SPEIGHT offered for sale to the victim investors.

7. For both schemes, the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," together with others, directed victim investors to wire their investment monies to one of two bank accounts described to investors as "escrow" or "special attorney" accounts for IST. Once the victim investors wired the funds into the attorney accounts, the funds were almost immediately transferred to bank accounts controlled by SPEIGHT, less a 2-3% fee to the attorneys who maintained the purported escrow accounts.

8. Once the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," received the victims' money, SPEIGHT, together with others, mailed fictitious stock or bond certificates to victim investors

return of $583.34 as purported interest payments on the $25,000 Victim #1 originally invested. Victim #1 has not recovered his or her original $25,000 investment.

12. Victim #2, a resident of Westchester, New York, was contacted in May 2013 by a cold caller working on behalf of the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," and IST. The cold caller offered to sell Adfitech stock to Victim #2 for $3.00 per share. At the time, Adfitech stock was trading at over $4.00 per share. On or about May 2, 2013, Victim #2 wired $3,000 to one of the attorney accounts, as directed by the cold caller, in order to purchase Adfitech stock. Subsequently, those funds were transferred to a bank account controlled by SPEIGHT.

13. On or about May 7, 2013, Victim #2 received a package sent by mail to his home in Westchester, New York, which included, among other documents, a purported Adfitech stock certificate signed by the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight." The certificate falsely stated, among other things, that IST was Adfitech's authorized transfer agent. In reality, Adfitech did not issue these shares, which were worthless.

## COUNT ONE
(Conspiracy to Commit Mail Fraud and Securities Fraud)

14. The allegations contained in paragraphs one through thirteen are re-alleged and incorporated as though fully set forth in this paragraph.

15. In or about and between January 2012 and May 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," together with others, did knowingly and willfully conspire:

    a. to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities

and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors, in connection with the purchase and sale of investments, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff; and

      b.      to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be delivered matter and things by the United States Postal Service and other private and commercial interstate carriers according to the direction thereon, contrary to Title 18, United States Code, Section 1341.

      16.      In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

      a.      On or about March 8, 2012, SPEIGHT opened a JPM Chase bank account as the sole authorized signatory.

      b.      On or about September 19, 2012, SPEIGHT opened an IST bank account at Wells Fargo Bank as the sole authorized signatory.

      c.      On or about October 16, 2012, SPEIGHT opened a JPM Chase bank account as one of two authorized signatories.

    d. Beginning on or about May 4, 2012, SPEIGHT, together with others, created the website www.altmarkpayments.com.

    e. On or about June 11, 2012, SPEIGHT, together with others, caused a package to be mailed via Federal Express to Victim #1 at his home in Nassau County, New York.

    f. On or about July 11, 2012, SPEIGHT, together with others, caused a Chase Bank cashier's check to be mailed to Victim #1 at his home in Nassau County, New York.

    g. On or about October 11, 2012, SPEIGHT, together with others, caused a Chase Bank cashier's check to be mailed to Victim #1 at his home in Nassau County, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

  17. The United States hereby gives notice to the defendant CECIL FRANKLIN SPEIGHT, also known as "Frank Speight," that upon his conviction of the offense charged, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

  18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p);Title 28, United States Code, Section 2461(c))

        LORETTA E. LYNCH
        UNITED STATES ATTORNEY
        EASTERN DISTRICT OF NEW YORK

        BY: _____
        ACTING UNITED STATES ATTORNEY
        PURSUANT TO 28 C.F.R. 0.136

8

F. #2013R00900
FORM DBD-34
JUN. 85

No. 14-379

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*CECIL FRANKLIN SPEIGHT, aka "Frank Speight,"*

Defendant.

## INFORMATION

(T. 15, U.S.C., §§ 78j(b) and 78ff; T. 18, U.S.C., §§ 371, 981(a)(1)(C); 982(b); 1349 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c) )

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

***Jack Dennehy, Assistant U.S. Attorney (718) 254-6133***